UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BENDER,<br><br>        Plaintiff,<br><br>        v.<br><br>EXAR CORPORATION,<br><br>        Defendant.<br>_____/ | No. C-09-1140 EMC<br><br>**ORDER RE PLAINTIFF'S LETTER OF MAY 28, 2009**<br><br>**(Docket No. 11)** |

        Plaintiff Gregory Bender has submitted a letter to the Court asking, in essence, for a ruling on his motion to relate this case with seventeen other cases he has filed against different companies. The Court hereby **DENIES** the relief sought.

        As a preliminary matter, the Court notes that, although Mr. Bender has filed eighteen cases which he believes should be related, the requests to relate that he has made before this Court implicate only four cases -- *i.e.*, Nos. C-09-1145 HRL, C-09-1530 JL, C-09-1532 JL, and C-09-1533 HRL. *See* Docket Nos. 4, 6. The Court therefore shall consider only whether these four cases should be related to the instant case. The Court concludes that, at this juncture, a ruling on the issue of relatedness is premature.

        Civil Local Rule 3-12 governs the issue of relatedness. The rule clearly gives the nonmoving party and all affected parties the opportunity to respond to the request to relate. *See* Civ. L.R. 3-12(b), (c). In the instant case, Defendant Exar Corporation has not been given an adequate opportunity to respond. Mr. Bender suggests that Exar has been given an adequate opportunity to respond because he served a copy of the request to relate on Exar back in March 2009. This

1 argument, however, is unavailing because, back in March 2009, Exar was not a party to the lawsuit
2 because Mr. Bender had not yet served the summons and complaint on Exar.  In fact, Mr. Bender
3 has only recently (on June 1, 2009) served the summons and complaint on Exar.  *See* Docket No. 8
4 (proof of service).  The Court also notes that there is no evidence that Mr. Bender ever served a copy
5 of his supplemental request to relate on Exar.

6      Exar is not the only party that has not been given an adequate opportunity to respond.  There
7 is no evidence that Mr. Bender has ever served a copy of the supplemental request to relate on the
8 defendant in No. C-09-1145 HRL.  Furthermore, there is no evidence that Mr. Bender has ever
9 served a copy of the request to relate or supplemental request to relate on any of the defendants in
10 Nos. C-09-1530 JL, C-09-1532 JL, or C-09-1533 HRL.  In fact, it does not appear that any of the
11 defendants in these three cases has even been served with the summons and complaint.

12      Given the above circumstances, the Court concludes that any ruling on Mr. Bender's request
13 to relate and supplemental request to relate are premature.

14      The Court shall not making any ruling on whether the instant case should be related to Nos.
15 C-09-1530 JL, C-09-1532 JL, or C-09-1533 HRL until after the defendants in these cases have been
16 served with the summons and complaint and with the requests to relate.

17      As to whether the instant case should be related to No. C-09-1145 HRL, the Court hereby
18 orders Mr. Bender (1) to re-serve on Exar the original request to relate and (2) to serve on both Exar
19 and the defendant in No. C-09-1145 HRL the supplemental request to relate and a copy of this order.
20 Such service shall be made within three days of the date of this order.  Exar and the defendant in No.
21 C-09-1145 HRL shall have until twenty-one (21) days from the date of this order to file a response
22 to the request to relate the instant case with No. C-09-1145 HRL.

23      To the extent Mr. Bender suggests that the Court does not need any input from Exar, or any
24 of the defendants in the other cases, to make a determination on his motion to relate, the Court does
25 not agree.  First, as noted above, Civil Local Rule 3-12 clearly gives all affected parties an
26 opportunity to respond to a request to relate.  Second, it is not clear to the Court that all of the cases
27 should be related.  Simply because Mr. Bender is the plaintiff in all of the cases and is suing on the
28 same patent does not mean that the cases should therefore be related.  All of the defendants are

different, *see* Civ. L.R. 3-12(a)(1) (providing that an action is related to another when the actions concern substantially the same *parties*), and the defendants may have markedly different products. *See* Docket No. 4 (Mot. at 2) (noting that the analog electronics industry covers, *e.g.*, "cell phones, hi-definition televisions, MRI equipment, [and] ultrasound equipment"). The degree to which there are overlapping issues will materially inform whether any cases should be related. That degree cannot be determined at this juncture.

This order disposes of Docket No. 11.

IT IS SO ORDERED.

Dated: June 3, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

3