Greg L. Lippetz (State Bar No. 154228)
glippetz@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:     650-739-3939
Facsimile:      650-739-3900

Attorneys for Defendant Nokia Inc.
and Freescale Semiconductor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Gregory Bender,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Exar Corporation,<br><br>　　　　　　Defendant. | Case No. C09-01140-WHA<br><br>**COMMENT RE MOTION TO RELATE CASES** |

On July 13, 2009, this Court invited all defendants in the 24 currently pending patent infringement cases brought by plaintiff Gregory Bender ("Bender") regarding U.S. Patent No. 5,103,188 to comment on whether the cases not assigned to this Court should be related to this action. The undersigned defendants in actions brought by Bender jointly submit the comments below.

The undersigned defendants do not oppose relating the cases. As with any cases involving the same patent, there will be numerous issues common to all 24 suits, including invalidity issues and certain common defenses.

There are also facts specific to the Bender cases that support relation. As this Court recognized in its Order (D.I. 31) and at the Exar Case Management Conference, Bender has brought suit against a large group of companies on the eve of the patent's expiration. In every

case, Bender has submitted Complaints that provide either the barest description of an accused device, or fail to name an accused device at all.  (*See, e.g.,* DSP Complaint, attached as Exhibit 1.)  In the Rule 26 conferences conducted to date by the undersigned, and at the Exar CMC, Bender's counsel has requested that the Patent Local Rules be turned on their head to force the defendants to product schematics and other technical information before Bender is required to serve his Rule 3-1 infringement contentions.  As this Court stated to Bender's counsel, Bender was required to determine whether the defendants' products allegedly infringed before filing suit, even if it meant hiring numerous engineers to perform reverse engineering on the accused products.  See *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981 (Fed. Cir. 2000) (affirming imposition of Rule 11 sanctions where "at the time the counterclaims were filed, the only basis for their filing was the belief that [the accused] devices probably infringed the Robotic patents," because "[i]n bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement.")

        Yesterday, Bender's lack of pre-filing diligence was laid bare.  On July 30, Bender served his Rule 3-1 infringement contentions on the defendant in the current action, Exar.  Instead of following the requirements of Pat. L.R. 3-1 for the patent to included a chart "identifying specifically were each limitation of each asserted claim is found within each Accused Instrumentality," Bender merely made bald assertions for each proposed claim element that "it is inherent that the product will have a number of" the purported element in question.  (*See* Bender's Infringement Contentions and Supporting Claim Chart, attached as Exs. 2 and 3, respectively.)  Bender's infringement contentions are not even close to sufficient to meet his obligation under Rule 3-1 and provide confirmation that he almost certainly violated his Rule 11 obligations as well.  All indications are that Bender's pre-filing due diligence was the same for all 37 defendants in all 24 cases.  Indeed, many of his complaints may be subject to motions to dismiss, as they fail to identify products alleged to infringe, or identify classes of products not even made by a particular defendant.

Additionally, as was discussed at the Exar CMC, Bender has a serious laches problem with his claims. Defendants are prepared to file a motion, which was also filed but not ruled upon in the earlier Bender case against ADI in Texas, asking the Court to rule that some or all of Bender's claims are barred due to his excessive delay in bringing these lawsuits. Evidence obtained in the prior lawsuits in Texas makes clear that Bender knew of the claims he now pursues more than 10 years prior to his current batch of lawsuits.

As a result of the foregoing, the Defendants believe that none of the 24 cases should survive past the Rule 3-1 disclosure deadline. In addition to the common issues related to validity, each defendant will have similar arguments as to the insufficiency of Bender's infringement contentions, and as to the laches defense. These issues justify relating all cases before one judge.

However, to the extent that the Court is disinclined to relate the entirety of the 24 cases, we request that the initial, dispositive issues be decided by one judge. Instead of numerous Northern District judges spending the time analyzing the same insufficient infringement contentions and dealing with the laches issues, we propose that this Court relate, and to the extent necessary consolidate, all 24 cases on the issues of the sufficiency of plaintiff's infringement contentions, the laches defense and, if necessary, any Rule 11 or Rule 12 motions. If Bender can prove that he has done the necessary pre-filing investigation, can provide compliant Rule 3-1 infringement contentions, and can defeat the laches motion, then the remainder of the cases can proceed before their assigned judges.

Respectfully submitted,

Dated: July 31, 2009                              Jones Day


By:   /s/ Gregory Lippetz
    Greg L. Lippetz
    State Bar No. 154228
    JONES DAY
    Silicon Valley Office
    1755 Embarcadero Road
    Palo Alto, CA  94303
    Telephone:  650-739-3939
    Facsimile:   650-739-3900

Counsel for Defendant Nokia Inc. and
Freescale Semiconductor, Inc.


    In accordance with General Order No. 45, Section X(B), the above signatory attests that concurrence in the filing of this document has been obtained from the signatories below.

Respectfully submitted,

Dated: July 31, 2009                              DSP Group, Inc.,


By:   /s/ Scott Thomas
    Matthew M. D'Amore
    Morrison & Foerster LLP
    212-468-8168:  Phone
    212-468-7900:  Fax

Counsel for DSP Group, Inc.,

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated: July 31, 2009 | Cirrus Logic, Inc. |

By:  /s/ Scott Thomas
        Scott Thomas

General Counsel
Cirrus Logic, Inc.

-5-

COMMENTS RE MOTION TO RELATE
CASE NO. 09-cv-01156-PJH